**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LEROY THOMAS JOYNER, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and UNITED STATES OF AMERICA,<br><br>Defendants. | Civil Action No. 26-1259 (RK) (JBD)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Thomas Joyner Jr.'s ("Plaintiff") Corrected Application to Proceed *In Forma Pauperis* ("IFP"), ("Corrected IFP Application," ECF No. 8), Motion to Reopen, (ECF No. 9), and Renewed Motion to Reopen, (ECF No. 10). For the reasons set forth below, Plaintiff's Corrected IFP Motion is **DENIED WITHOUT PREJUDICE**, and his Motion to Reopen and Renewed Motion to Reopen are **DISMISSED AS MOOT**.

## I. BACKGROUND

Plaintiff is currently incarcerated at FCI Yazoo City Low in Yazoo City, Mississippi following his 2024 conviction for transporting a minor for the purpose of illegal sexual activity. *See United States v. Joyner*, No. 22-242 (M.D. Ala. Jan. 23, 2024), ECF No. 227.[1] Plaintiff filed his Complaint in this Court on February 6, 2026, (ECF No. 1), and thereafter filed his first Motion for Leave to Proceed IFP on February 26, 2026, ("First IFP Application," ECF No. 4).

---

[1] The Court takes judicial notice of the filings in *United States v. Joyner*, No. 22-242 (M.D. Ala. Jan. 23, 2024), as they are a matter of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

The Court deemed Plaintiff's First IFP Application deficient because he used an improper application form (a short form IFP application), which did not address each affidavit requirement applicable to him under 28 U.S.C. § 1915(a)(1), (*see* ECF No. 7 at 2 ("[Plaintiff submitted a short form IFP application . . . which is insufficient even as to non-incarcerated plaintiffs")), and because he included a non-certified account statement that did not cover the entirety of the 6-month period preceding the filing of his Complaint, (*id.* ("The 'Inmate Statement' printout [Plaintiff] provided is not certified by the appropriate prison official . . . and only reflects . . . a period of under three months.")). In light of these deficiencies, this Court dismissed Plaintiff's First IFP Application without prejudice and directed the Clerk of the Court to administratively close the case. (*Id.* at 3.) In so doing, the Court advised Plaintiff that his case may be reopened if, within thirty (30) days of the dismissal order, he corrected these deficiencies or prepaid the $405 filing fee. (*Id.*)[2] The Court issued its dismissal order on April 14, 2026.

The Court received Plaintiff's Corrected IFP Application on April 29, 2026, (ECF No. 8), and thus Plaintiff's filing is timely. Notwithstanding this Court's instruction that the Corrected IFP Application was alone sufficient to initiate the process of reopening Plaintiff's case, (*see* ECF No. 7 at 3 ("Plaintiff may have this case reopened . . . by either submitting a corrected IFP application . . . or prepaying the $405 filing fee")), Plaintiff nevertheless filed a Motion to Reopen on May 21, 2026 and Renewed Motion to Reopen on October 16, 2026, (ECF Nos. 9–10), both of which the Court resolves herein.

[2] Because the Court did not grant Plaintiff's First IFP Application, it declined to review Plaintiff's Complaint at that time. *See* 28 U.S.C. § 1915(e)(2)(B) (permitting court to screen complaint brought by litigant proceeding IFP "at any time" if the Court finds the action frivolous, fails to state a claim, or seeks monetary relief against a defendant immune from money damages).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), a district court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (emphasis omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)), Section 1915(e) empowers district courts to dismiss an IFP complaint that "is frivolous or malicious" or "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e).

A district court engages in "a two-step analysis" when considering a complaint filed with an IFP application: (1) under § 1915(a), the court determines whether the plaintiff is eligible to proceed without prepaying the civil filing fee, and (2) under § 1915(e), the court determines "whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *1–2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). Courts may address these two questions "in either order or even simultaneously." *Karupaiyan v. Wipro Ltd.*, No. 23-2424, 2025 WL 89076, at *3 n.9 (3d Cir. Jan. 14, 2025) (quoting *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc)).

Under the Prison Litigation Reform Act of 1995, an incarcerated litigant who seeks leave to proceed IFP must file with the Court (1) an affidavit stating all assets that he possesses, stating that he is unable to prepay fees and costs, and stating "the nature of the action, defense or appeal and [his] belief that [he] is entitled to redress," and (2) a "certified copy of [his] trust fund account

statement . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)–(2).

## III. DISCUSSION

Plaintiff's Corrected IFP Application appears to cure the deficiencies from his First IFP Application. He has utilized the proper Long Form IFP Application (Form DNJ-Pro Se-007-A), which sufficiently addresses the affidavit requirements applicable to him under 28 U.S.C. § 1915(a)(1)–(2), (*see* ECF No. 8 at 5–7), and he has included a certified copy of his inmate account statement that spans the applicable 6-month period immediately preceding the filing of his complaint, here being from August 2025 through January 2026, (*id.* at 8–11). Having satisfied these statutory prerequisites under 28 U.S.C. § 1915(a)(1)–(2), the Court reviews Plaintiff's Corrected IFP Application to determine whether he is eligible for IFP status.

Upon review of Plaintiff's Corrected IFP Application, and in particular his financial disclosures in his inmate account statement, the Court concludes Plaintiff is not eligible for IFP status. In his affidavit, Plaintiff states he receives between "$150 – $200 p/month" in the form of "[g]ifts or inheritances," in addition to $16.80 per month through his employment at the prison. (ECF No. 8 at 6.) However, Plaintiff's account statement shows he received $1,767 during the relevant 6-month period, reflecting a higher average monthly income of $294.50. (*See id.* at 7–11.)[3] The Court finds Plaintiff's seemingly consistent income stream does not support granting IFP status. *See, e.g.*, *Rudy v. Doe*, No. 18-10387 (D.N.J. June 21, 2018), ECF No. 2 at 2 (finding

---

[3] Consistent with Plaintiff's characterization of this income in his affidavit, these deposits are issued multiple times each month and generally in similar amounts—between $50 to $200. (*See generally* ECF No. 8 at 8–11.) Plaintiff's account statement further shows he has received $449 across four separate transactions in the three-month period after the filing of his Complaint, (*id.* at 11), which indicates a reasonable expectation of receiving these deposits in the future, *see Cordero v. Kelley*, 734 F. App'x 163, 166 (3d Cir. 2018) (instructing district court to consider whether an incarcerated plaintiff "had a reasonable expectation of receiving sufficient gifts in the future" to save enough money to prepay the filing requirement).

incarcerated plaintiff "ha[d] not established his inability to pay the filing fee" where his "prison account statement . . . show[ed] that he had an income of $1,800.27 in the six months prior to the filing of the Complaint"). While the Court recognizes that Plaintiff's account balance during the relevant period was at times less than $100, the majority of Plaintiff's expenditures appear to reflect personal transactions, namely commissary purchases,[4] as opposed to life-sustaining expenses. (*See* ECF No. 8 at 8–11.) Under such circumstances, the Court concludes it would be inappropriate to grant IFP status based solely on Plaintiff's low account balance, particularly since Plaintiff does not pay for housing, food, clothing, or shelter. *See Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) (recognizing that "prisons are constitutionally bound to provide inmates with adequate food, clothing, shelter, and medical care" and endorsing the Government's position that requiring a prisoner to pay the filing fee even where it would "leave a prisoner without money for amenities" better effectuates Section 1915's "statutory objective of containing prisoner litigation" (cleaned up)); *see also Garza v. Will Cnty. Adult Det. Facility*, No. 21-1564, 2021 WL 12424563, at *2 (N.D. Ill. Apr. 13, 2021) ("[A]s the Supreme Court has held, when weighing the balance between leaving an inmate without money for commissary purchases, on the one hand, and fidelity to statutory requirements for the payment of filing fees, on the other hand, the latter wins out." (citing, *inter alia*, *Bruce*, 577 U.S. at 89–90)).

The Court also considers that Plaintiff claims no dependents in his affidavit and his inmate account statement reveals no active fines or financial obligations. (*See* ECF No. 8 at 5–11.) Thus, the Court concludes Plaintiff would not be deprived of any necessity of life or access to the court

---

[4] The commissary purchases in Plaintiff's account statement are designated with the caption, "Sale – Fingerprint," which reflects the Federal Bureau of Prison's fingerprint identification system used for commissary sales. *See generally* Fed. Bureau of Prisons, *Program Statement No. 45000.13, Trust Fund/Deposit Manual*, Chapter 3.6(b) (describing fingerprint identification process for commissary sales).

by paying the filing fee, even if that might require Plaintiff to spend less of his monthly income on amenities or commissary purchases.[5] *See Shahin v. Sec'y of Delaware*, 532 F. App'x 123, 124 (3d Cir. 2013) (affirming denial of IFP status to plaintiff with monthly income of $95 because she had no "food, clothing, shelter, . . . medical [or] travel expenses" and thus "requiring [her] to pay her own litigation expenses, although requiring her to save for several months, would not deprive her of the 'necessities of life'" (quoting *Adkins v. E.I. DuPont Nemours Co.*, 335 U.S. 331, 69 (1948))); *Rudy*, No.18-10387, ECF No. 2 at 2 ("Plaintiff may have to save up in order to pay the filing fee, but such requirement 'would not deprive [him] of the 'necessities of life.'" (quoting *Shahin*, 532 F. App'x at 124)); *Gouli*, 2023 WL 3763595, at *1 (W.D. Pa. June 1, 2023) ("As an inmate[,] petitioner does not pay for housing or food, and his motion and account statement indicate that he has no dependents. Paying the filing fee and costs of service will not, on this record, deprive petitioner of any necessity of life").

The Court therefore denies Plaintiff's Corrected IFP Application. This denial is without prejudice to allow Plaintiff an opportunity, yet again, to establish his indigence despite his apparent income. Having denied the Corrected IFP Application, the Court further dismisses Plaintiff's Motion to Reopen and Renewed Motion to Reopen as moot. Should Plaintiff wish to reopen this case, he shall within thirty (30) days of entry of this Order: (1) pay the filing fee, or (2) file a certification under penalty of perjury demonstrating his indigence notwithstanding his income.

---

[5] The Court does not suggest that all of Plaintiff's personal purchases count against granting him IFP status, or that Plaintiff must totally "surrender those small amenities . . . in order to litigate [IFP] in the district court." *Jones v. Zimmerman*, 752 F.2d 76, 79 (3d Cir. 1985) (internal quotation marks omitted). Rather, the Court emphasizes that Congress's IFP statute, while designed to ensure indigent litigants have access to the court, "does not relieve an inmate litigant from making the same choices about spending that non-inmate litigants must make." *Gouli v. Pennsylvania*, No. 23-95, 2023 WL 3763595, at *1 (W.D. Pa. June 1, 2023).

## CONCLUSION

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Corrected IFP Application and **DISMISSES AS MOOT** Plaintiff's Motion to Reopen and Renewed Motion to Reopen. An appropriate Order accompanies this Memorandum Opinion.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE